**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0748-24

STEVEN RINCK,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

_____

Submitted October 28, 2025 – Decided November 26, 2025

Before Judges Sumners and Augostini.

On appeal from the New Jersey Department of Corrections.

Steven Rinck, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Elizabeth Merrill, Deputy Attorney General, on the brief).

PER CURIAM

Steven Rinck appeals the final agency decision of the New Jersey Department of Corrections (DOC) that denied his request for a reduction in custody status from gang minimum to full minimum custody status. We reverse and remand for consideration of the applicable regulatory factors and for the DOC to make appropriate findings and conclusions.

I.

Rinck was convicted by a jury in December 2015 of impersonation of a law enforcement officer, armed robbery, kidnapping, and aggravated assault with a firearm, and sentenced in March 2016. He is an inmate at Northern State Prison, serving a maximum of twenty years.

In August 2024, an Institutional Classification Committee (ICC) at Northern State Prison denied Rinck's request to reduce his custody classification status from gang minimum custody status to full minimum custody status. The ICC specifically cited the following reasoning for its decision:

> [1] [incarcerated person] has a prior hostage situation in Union County and he has a [parole eligibility date] [] in five years;
> [2] previous multiple violent offense[s];
> [3] impulsive behavior exhibited in the offense;
> [4] kidnapping and impersonate public servant; and
> [5] field account of the offense.

A-0748-24

The ICC report noted Rinck's objective classification score of zero; the prior hostage situation from his previous incarceration in 1997; his parole eligibility date of October 21, 2029; a psychological evaluation dated July 18, 2024; his lack of a "[d]isciplinary [h]istory (violent)"; and a positive professional report from social work staff regarding full minimum status.

On September 14, 2024, Rinck filed a grievance with the DOC, stating that he was appealing the denial of his request for full minimum status because "the ICC indicated that the denial was specifically [based] on the 'circumstances of the [offense].'" Because the circumstances of his offense "can never change," Rinck contended that to deny a reduction in custody status on the offense circumstances alone is a "violation." The ICC responded "that reduced custody status is a privilege not a right and at the discretion of Administration and the [ICC]." It further stated that "the ICC shall take into consideration all relevant factors" when making custody status decisions. Rinck appealed.

II.

Our review of an administrative agency's final decision is limited. Kadonsky v. Lee, 452 N.J. Super. 198, 201-02 (App. Div. 2017) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). "We will not reverse an agency's judgment unless we find the decision to be 'arbitrary, capricious, or

unreasonable, or [] or not supported by substantial credible evidence in the record as a whole.'" Id. at 202 (quoting Stallworth, 208 N.J. at 194). "When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." In re Herrmann, 192 N.J. 19, 28 (2007). We recognize that the Legislature has provided for the broad exercise of the DOC's discretion in all matters regarding the administration of a prison facility. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999).

The "classification of prisoners and the decision as to what privileges they will receive rest solely within the discretion of the commissioner of the department of corrections." Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 30 (App. Div. 2001). Although an inmate has no liberty interest in a particular custody level and the DOC has broad authority in making such determinations, the DOC's decision to deny a reduced custody status must not be arbitrary, capricious or unreasonable, and must be support by substantial, credible evidence in the record. See Hluchan v. Fauver, 480 F. Supp. 103, 108 (D.N.J. 1979); Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); White v. Fauver, 219 N.J. Super. 170, 180 (App. Div. 1987). Moreover, an agency's discretion is "not unbounded and must be exercised in a manner that will

4

facilitate judicial review." In re Vey, 124 N.J. 534, 543-44 (1991). The agency must "articulate the standards and principles that govern their discretionary decisions in as much detail as possible." Van Holten Group v. Elizabethtown Water Co., 121 N.J. 48, 67 (1990).

Under the DOC regulations, "[c]hanges in inmate custody status within a particular correctional facility shall be made by the [ICC]," and the ICC reviews all inmate applications for a change in custody status. N.J.A.C. 10A:9-4.4(a); N.J.A.C. 10A: 9-3.1(a)(3). In reviewing such applications, the ICC applies the criteria set forth in the regulations and the "objective classification instrument score . . . to determine whether an inmate is eligible for reduced custody consideration." N.J.A.C. 10A:9-4.1(b).

When deciding whether an inmate's custody status should be reduced, the ICC "shall take into consideration all relevant factors." N.J.A.C. 10A:9-4.5(a)(1) to (9). The regulation lists nine factors that must be considered, which are:

> (1) field account of the present offense;
> (2) [p]rior criminal record;
> (3) [p]revious incarcerations;
> (4) [c]orrectional facility adjustment;
> (5) [r]esidential community program adjustment;
> (6) [t]he objective classification score;
> (7) [r]eports from professional custody staff;

(8) [a] conviction for a present or prior offense that resulted in a life sentence; and

(9) [a]ny reason which, in the opinion of the Administrator and the ICC, relates to the best interests of the inmate or the safe, orderly operation of the correctional facility or the safety of the community or public at large.

[Ibid.]

Rinck contends there is no evidence that the ICC considered any relevant factors other than the "field account of [his] current offense," and its explanation for the denial was insufficient. The DOC counters that it properly exercised its discretion in denying Rinck's request for reduced custody status and appropriately expressed its reasoning for its decision, citing not only to the field account of Rinck's present offense, but also, his prior criminal record, the impulsive behavior exhibited at the time of the present offense, and his prior hostage history while previously incarcerated in Union County.

In the present case, the record clearly demonstrates that the ICC's decision to deny full minimum status was based primarily on factors that remain unchangeable, such as the offense circumstances and Rinck's prior incarceration history dating from 1997. Rinck raises for the first time in his reply brief that the DOC improperly considered his multiple prior violent offenses and prior hostage situation while incarcerated which were beyond the time limitations set

6

forth in N.J.A.C. 10A:9-2.6(b)2 and 4. Because we generally do not consider claims or arguments asserted for the first time in a party's reply brief, we decline to address this argument, as it was not properly raised. See Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015).

DOC contends it "took note" of current information regarding Rinck such as his classification score of zero; his July 18, 2024 psychological evaluation that found him to be "psychologically stable;" his lack of any violent disciplinary history; and a positive report from the social work staff. We are unable to discern, however, whether this positive information was indeed considered and how it factored in to the ICC's determination to reject Rinck's request. We agree with Rinck that the DOC's lack of specificity in evaluating all relevant factors impedes meaningful appellate review. In the "absence of particular findings," our review is hindered, and we are unable to give deference to the agency's discretionary decisions. In re Vey, 124 N.J. at 544 (citing Application of Howard Sav. Inst., 32 N.J. 29, 53 (1960)). Therefore, we reverse and remand for full consideration of the factors set forth in DOC's classification regulations and for DOC to make more detailed findings and conclusions based on those factors.

A-0748-24

Reversed and remanded for further consideration consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0748-24